UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:11-cv-22617-KMM

JEANTY MARCKENSON,

    Plaintiff,

v.

LAL PEKER, LLC, a Florida
Corporation, MUSTAFA PEKER,
an individual,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, LAL Peker, LLC d/b/a Vocelli Pizza and Mustafa Peker ("Defendants"), by and through undersigned counsel, hereby file Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment and Incorporated Memorandum of Law. Plaintiff Jeanty Marckenson ("Marckenson") cannot establish subject matter jurisdiction over Defendants pursuant to the Fair Labor Standards Act ("FLSA"). At all times material, Vocelli Pizza's gross sales revenues were below the $500,000 jurisdictional requirement of the FLSA. Therefore, this Court lacks jurisdiction over Marckenson's claim. Defendants thereby are entitled to judgment as a matter of law. In further support thereof, Defendants state as follows:

I.    **STATEMENT OF UNDISPUTED FACTS**

    1.    LAL Pecker, LLC d/b/a Vocelli Pizza (the "Pizza Shop"), which is located at 3115 Northeast 163rd Street, North Miami Beach, FL 33160, is a local Pizza Shop. *See* Declaration of Pinar Peker, ¶2, attached hereto as Exhibit A.

2. The Pizza Shop is an entirely local business selling pizzas, only transacting and seeking to transact business in South Florida, and does not engage in the production of goods for commerce. The Pizza Shop purchases all of its equipment and supplies locally from vendors within Florida. *Id.* at ¶3.

3. The Pizza Shop's customers are residents of Florida and it does not solicit business outside of Florida. *Id.* at ¶4.

4. The Pizza Shop has access to the Internet, but there is rarely a need for employees to use the Internet. The Pizza Shop has a facsimile machine, but faxes are mainly sent to and/or received from locations within the State of Florida. *Id.* at ¶5.

5. Marckenson was hired to make pizza on or around August 16, 2009 and continued in that role throughout his employment. *Id.* at ¶6

6. On or about April 2011, Marckenson voluntarily resigned from his employment with the Pizza Shop. *Id.* at ¶7.

7. During the entire course of his employment, Marckenson's work-related duties consisted of greeting customers, taking customer orders, preparing and cooking the food, stocking the cooler, and occasionally opening and closing the store. Marckenson never shipped goods. Furthermore, the Pizza Shop's records show that during his last year of employment, Marckenson was paid time and a half his regular hourly rate on the five occasions that he worked more than 40 hours in a workweek. *Id.* at ¶8.

8. The Pizza Shop uses the Monetra Point of Sale system, which records all shop sales. The Monetra system keeps daily, weekly, monthly, and yearly records of all sales for the shop. *Id.* at ¶9.

9.      In 2009, the total gross revenues for the Pizza Shop were $111,841.03. In 2010, the total gross revenues for the Pizza Shop were $436,389.00. These revenues are confirmed by the Pizza Shop's tax returns filed with the Internal Revenue Service ("IRS") for tax years 2009 and 2010. *See* IRS Forms 1065 at line 1a of Exhibits 1 and 2 to Pinar Declaration (Exhibit A, ¶10). Further, the Pizza Shop's gross revenues for January through April 2011 (the final months of Marckenson's employment) totaled $174,850.66. *Id.*

10.     Prior to the filing of the instant matter, the undersigned counsel informed Marckenson's counsel numerous times that during Marckenson's employment tenure, the Pizza Shop's gross sales revenues were below the statutory minimum of $500,000. Marckenson's counsel were also provided with the computer print-outs confirming that the jurisdictional standard was never reached. *See* Exhibit 3 to Pinar Declaration (Exhibit A). Instead of dismissing his lawsuit, Marckenson filed an Amended Complaint with an attached affidavit attempting to allege jurisdiction.

11.     However, Marckenson's attempt to allege jurisdiction in his Amended Complaint, as discussed below, must fail.

## II.  LEGAL ARGUMENT

### A.  MINIMUM FLSA COVERAGE

Under the Fair Labor Standards Act, "an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). Because Defendants are not a covered "enterprise" as defined by the Act and Plaintiff is not covered individually under the FLSA, judgment in Defendants' favor is appropriate as a matter of law.

A covered enterprise is an entity that:

    (A)    (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; **and**

            (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)...;

29 U.S.C. § 203(s)(1)(A). Courts have found that a plaintiff seeking to establish enterprise coverage under §203(s)(1)(A) must satisfy **both** elements. *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009) ("The statute requires that a business meet both prongs of the test before jurisdiction rests in the federal courts.")

### B.    MOTION TO DISMISS STANDARD

A court will grant a motion to dismiss if a complaint is "simply 'a formulaic recitation of the elements of a cause of action.'" *Ditthardt v. North Ocean Condos*, 2008 WL 2741114 (S.D. Fla. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). The complaint must rely on factual allegations which create a reasonable expectation that discovery will lead to evidence in support of the claim and plausibly suggest relief. *Id.* All facts are accepted as true on a motion to dismiss, but complaints may be dismissed on a dispositive issue of law. *Id.* "In ruling on a motion to dismiss, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'" *U.S. ex rel. Romanosky v. Aggarwal*, 2005 WL 6011259, at *3 (M.D. Fla. 2005) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

Here, Marckenson's conclusory legal allegations fail to rebut the lack of subject matter jurisdiction under the FLSA. *Cf. Bell Atlantic Corp.*, 127 S. Ct. at 1965 (2007). Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129

4

S.Ct. 1937, 1949 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. And "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.

Markenson's affidavit attached to his Amended Complaint states that he closed the register at the end of the week (though failing to mention this was only occasionally), and claims that the revenues averaged $8,000 with occasionally higher weeks (though failing to state a time period). Even assuming this was an accurate recollection of every single week for the shop during Marckenson's employment, this would only total $416,000.00 for the year. This recitation, on its face, fails to state a claim which plausibly suggests relief.

More importantly, Marckenson's vague memory of some receipts over a period of two years does not rebut Defendants' actual sales receipts as reported to the IRS. Accordingly, this Court should grant Defendants' Motion and dismiss Marckenson's Amended Complaint with prejudice. Even applying the standard for granting summary judgment to Marckenson's Amended Complaint and attached affidavit, his claim must fail as discussed below.

C.   THE SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides summary judgment is warranted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment for defendants is appropriate in employment cases. The purpose of Rule 56 is to eliminate the needless delay and expense to the court and the parties

occasioned by an unnecessary trial. *Johnston v. Henderson*, 144 F. Supp. 2d 1341, 1348 (S.D. Fla. 2001) (citing Celotex Corp., 477 U.S. at 322-323).

Rule 56(c) "mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial." *Id.* at 1349. Further, although the court must consider the evidence in a light most favorable to the non-moving party, the non-moving party cannot rest upon bare assertions, conclusory allegations, surmise, or conjecture, but instead, must produce concrete evidence in the form of specific facts on which the jury could reasonably find for the non-movant. *Johnston*, 144 F. Supp. 2d at 1349 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). The existence of a mere scintilla of evidence is insufficient. *Johnston*, 144 F. Supp. 2d at 1349.

Consideration of a summary judgment motion does not lessen the burdens on the non-moving party because the non-moving party bears the burden of coming forward with sufficient evidence on each element that must be proved. *Earley v. Champion International Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990) (citations omitted). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* Thus, the moving party is entitled to judgment as a matter of law if the non-moving party has failed to make a sufficient showing on an essential element as to which he has the burden of proof. *Id.* (citing *Celotex*, 477 U.S. at 322-323). "It is settled that 'the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction.'" *Casseus v. First Eagle, LLC*, 2008 WL 1782363, at *1 (S.D. Fla. Apr. 18, 2008) (quotation omitted). In the instant case, because no genuine issues of material fact exist as

6

to subject matter jurisdiction under the FLSA, Defendants are entitled to summary judgment as a matter of law.

### 1. The Pizza Shop Is Not A Covered "Enterprise" Under The FLSA

The undisputed evidence proves that the annual sales for the Pizza Shop during the relevant period were less than $500,000, a fact that is fatal to establishing enterprise coverage. Specifically, the 2009 and 2010 gross receipts and sales for the Pizza Shop totaling $118,841.03 and $436,389.00, respectively, demonstrate that the minimum threshold has not been met. *See* Exhibit A, paragraph 10. Additionally, 2011 gross revenues through Marckenson's final month of employment only totaled $174,850.66. Thus, the restaurant is not a covered enterprise under §203(s)(1)(A). *See Thongsodchareondee v. King Kone Food, Inc.*, Case No. 10-cv-23763-JLK (S.D. Fla. Jul. 21, 2011) (granting restaurant's motion for summary judgment where financial statement and declaration established company never exceeded $500,000 in annual revenue, despite cook's conclusory contention with financial statements); *Hernandez v. Nanju Corp.*, Case No. 07-22786-civ-Moreno (S.D. Fla. Apr. 30, 2008) (granting restaurant's summary judgment where tax returns showed less than $500,000 in gross sales; holding that short order cook lacked personal knowledge of actual revenue, despite knowing average amount of food prepared, where cook's affidavit only included his own speculative beliefs in attempting to contradict the defendants' affidavit and tax returns); *Lopez v. Top Chef Investment, Inc.*, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 30, 2007) (granting summary judgment to employer and rejecting plaintiff's conclusory assertions that the employer had gross revenue that exceeded $500,000 annually, and accepting the figures on the defendant's tax returns in determining that enterprise coverage was not applicable); *Severin v. Pasha's Restaurant's Inc.*, 2007 U.S.Dist. LEXIS 24832 (S.D. Fla. Mar. 21, 2007) (granting restaurant's motion for summary judgment where annual earnings were

below $500,000, rejecting the plaintiff's argument that if defendant's earnings for a partial year were extrapolated to a full year, it would total over $500,000).[1]

### 2. Plaintiff is Not Covered As An Individual Under The FLSA

Even if an employer is not a covered enterprise, an employee may be covered individually under the Act if the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). "The burden of proof lies with employees to establish that they were engaged in commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005).

In determining whether an employee is a covered individual under the Act, the primary focus is on "activities of the employee, and not the business of the employer." *Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 209 (1959). In *Thorne*, the Eleventh Circuit held that for an employee to be "engaged in commerce," the employee must be "directly participating in the actual movement of persons or things in interstate commerce." 448 F.3d at 1266. Furthermore, in addition to the requirement of direct participation, for an employee to be engaged in commerce, "a **substantial** part of the employee's work must be related to interstate commerce."

---

[1] Plaintiff may argue for application of the "rolling quarters" accounting method, pursuant to 29 C.F.R. §779.266. However, such a method is inapplicable to this case because the employer is not attempting to determine coverage for current employees in the prospective quarter. *See* 29 C.F.R. §799.266(b); *Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1374 (S.D. Fla. 2008) ("Under the express language of §799.266(a), the rolling quarters method is a regulatory tool to determine whether a defendant employer, *who once met the gross sales requirement in the previous year*, continues to be subject to enterprise coverage in the following year...Here, there is no dispute that Defendants failed to meet the annual gross sales requirement in 2006, the year preceding [Plaintiff's] employment. Thus, contrary to Defendant's argument, there is no need or authority, to apply the rolling quarters method to any financial quarter in 2007.") (emphasis in original).

8

*Kitchings*, 393 F. Supp. 2d at 1293, n.26 (quoting *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000)) (emphasis added).

Marckenson was not engaged in commerce or the production of goods for commerce during his employment with the Pizza Shop and thus not covered as an individual under the FLSA. Marckenson may argue that his work duties, which included cooking food and stocking the cooler, involved the use of goods that previously traveled in interstate commerce. However, the Eleventh Circuit has held that such use is insufficient to invoke individual coverage under the FLSA. *Thorne*, 448 F.3d at 1267 (holding that when "goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further interstate movement of the goods are not covered under the Act."); *Thongsodchareondee, supra* (finding a similar contention to be frivolous and lacking merit, where cook ordered food supplies which had traveled internationally and claimed that he interacted daily with foreign customers); *Monelus v. Tocodrian, Inc.*, 598 F.Supp.2d 1312 (S.D. Fla. 2008) (granting restaurant's motion for summary judgment against prep cook, finding claim of handling food that may have at one point traveled in interstate commerce insufficient to establish individual coverage).

In *Severin*, the plaintiff started as a baker and was promoted to the position of shift manager. *See Severin, supra*. The plaintiff was responsible for ordering food and supplies from the defendant's central location, balancing the cash registers, opening and closing the restaurant, and making bank deposits for the defendants. The court found that the plaintiff presented "no evidence to suggest that she directly participated in the actual movement of persons or things in interstate commerce." *Id*.

Here, all of the supplies used by Marckenson were purchased locally from vendors within Florida. *See* Peker Declaration, Exhibit A. Moreover, Marckenson never shipped any goods

9

either in state or out of state. *See Reed v. Mycopharma*, Inc., 2000 WL 1131953, at *3 (N.D. Ill. Aug. 9, 2000) (granting summary judgment to the employer finding that the plaintiffs, whose work duties included ordering supplies for the laboratory from out of state and setting up and maintaining the laboratory, were not engaged in interstate commerce and thus not covered individually under the FLSA).

Notably, after *Thorne*, numerous district courts in Florida have readily granted summary judgment in favor of employers based on the employee's failure to prove their direct participation in the actual movement of people or goods in interstate commerce. *See Dent v. Giamo*, 606 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009) (granting summary judgment to employer even though 70% of employer's patients were not residents of Florida, noting "goods are no longer in the stream of commerce once obtained by the ultimate consumer thereof" and evidence showed that employer's contact with those patients was primarily local); *Navarro v. Broney Automotive Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008) (granting summary judgment to employer even though plaintiff picked up automobile parts that had traveled in interstate commerce), *aff'd*, 2008 WL 2315869 (11th Cir. June 6, 2008), *cert. denied*, --S. Ct.--, 2008 WL 4144447 (2008); *Scott v. Max Investments, Inc.*, 2007 WL 423080 (M.D. Fla. Feb. 6, 2007) (the fact that plaintiff "may have handled building materials that had previously traveled in interstate commerce" is insufficient to establish individual coverage.).

The undisputed facts here amply demonstrate that Marckenson was not involved in any manner in the actual movement of persons or goods in interstate commerce, much less that such participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. *Dent*, 606 F. Supp. 2d at 1361 (holding plaintiff was not a covered individual under the FLSA because she "failed to show that she **regularly and recurrently** engaged in

interstate commerce.") (emphasis added). Marckenson's job duties consisted only of taking customer orders, preparing and cooking food, and stocking the cooler, and any supplies Marckenson used in that role were outside the stream of commerce by the time he used them. Accordingly, Marckenson has failed to establish that he is a covered individual under the FLSA.

Defendants also expect Marckenson to argue that the FLSA individually covered him because he used the telephone, internet, and/or facsimile machine to contact out-of-state individuals or companies and that he processed the customers' credit card payments.[2] However, the court in *Dent* rejected these very arguments and concluded:

> This Court also holds that plaintiff's use of the telephone or facsimile machines to make long distance phone calls or use of the internet and credit cards is insufficient to establish jurisdiction. To be considered "engaged in commerce" a business must use a credit card *specifically to transact business in interstate commerce.* Here, defendant has submitted sufficient evidence to show that his practice is a local enterprise *"and the items used in the business proliferated this goal of local service."* Polycarpe v. E * S Landscaping Serv., Inc., 572 F.Supp.2d 1318, 1321-22 (S.D. Fla. 2008). This also appears to be the case in regards to internet usage. *Pierre C. Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F.Supp.2d 1312 (S.D. Fla. 2008). "The fact that the Defendant Company provides services of an exclusively local nature is dispositive." *Polycarpe* at 1322.

*Id.* at 1361 (emphasis added).

Essentially, *Dent* instructs that where, as here, the employer's primary business is local, an employee's mere use of certain instrumentalities of commerce, such as a phone, fax, Internet, or credit card machine to proliferate the goal of local service will not be sufficient to create individual coverage under the FLSA. *See id.* (finding no individual coverage where 70% of defendant's patients were not residents of Florida, noting the "contact with those patients was

---

[2] While Marckenson's affidavit attached to the Amended Complaint does not attest to interstate telephone or credit card usage, the Amended Complaint asserts as much at Paragraph 9. However, as made clear in the declaration of Pinar Peker, Marckenson did not regularly deal with out-of-state individuals or companies.

primarily local," the defendant only worked within Florida and "there is no evidence to suggest that defendant solicited business from patients while they were out of state or that any contact with out of state patients was regular or recurrent."). Based on the foregoing, Defendants have establish a lack of a genuine issue of material fact regarding coverage under the FLSA. Accordingly, this Court should enter judgment in Defendants' favor.

### III.   CONCLUSION

Based on the foregoing, Marckenson cannot demonstrate that the FLSA covers the instant case through either enterprise or individual coverage.  Therefore, Defendants respectfully request this Honorable Court enter an order granting judgment in favor of the Defendants, dismiss Marckenson's Complaint in its entirety and with prejudice, and award Defendants their fees and costs incurred in defense of this matter.

Date:  August 29, 2011

FISHER & PHILLIPS
450 East Las Olas Blvd.
Suite 800
Fort Lauderdale, Florida  33301
Telephone:   (954) 525-4800
Facsimile:    (954) 525-8739

Respectfully submitted,

By:   s/Charles S. Caulkins
       Charles S. Caulkins
       (Fla. Bar No. 0461946)
       ccaulkins@laborlawyers.com
       David M. Gobeo
       (Fla. Bar No. 0016565)
       dgobeo@laborlawyers.com

       *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2011, I electronically filed **DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

13

**AND INCORPORATED MEMORANDUM OF LAW** with the Clerk of the Court by using the CM/ECF system on all counsel or parties of record listed on the attached service list.

s/Charles S. Caulkins

## SERVICE LIST
### CASE NO.: 1:11-cv-22617-KMM

Julisse Jimenez, Esquire
FLORIDA LAW PARTNERS
601 Brickell Key Dr.
Suite 702
Miami, FL 33131
Telephone: (305) 371-8064
Facsimile: (305) 371-4967

*Attorney for Plaintiff*

Charles S. Caulkins, Esquire
ccaulkins@laborlawyers.com
David M. Gobeo, Esquire
dgobeo@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys for Defendants*