UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:  1:11-cv-22617-KMM

JEANTY MARCKENSON,

        Plaintiff,

v.

LAL PEKER, LLC, a Florida
Corporation, MUSTAFA PEKER,
 an individual,

        Defendants.

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

      Defendants, LAL Peker, LLC d/b/a Vocelli Pizza and Mustafa Peker ("Defendants"), by

and through undersigned counsel, hereby file this reply memorandum in support of their Motion

to Dismiss, or in the Alternative, for Summary Judgment and Incorporated Memorandum of

Law, and in support thereof state as follows:

      Marckenson has failed to allege, much less demonstrate, facts sufficient to show that the

FLSA applies to Defendants through enterprise or individual coverage.  First, the Opposition

Memorandum blatantly mischaracterizes Defendants' gross revenue records while also

conveniently ignoring the tax records and the declaration of Pinar Peker attached to the Motion.

Second, neither Marckenson's first nor second affidavit explicitly aver that Defendants' gross

revenues exceeded more than $500,000 in one year. Third, Marckenson's allegations, even

accepted as true, fail to demonstrate that Defendants or Marckenson engaged in interstate

commerce.  Finally, Marckenson's arguments, which lack personal knowledge, fail to establish that FLSA's individual coverage applied to his employment.

       1.     <u>No Enterprise Coverage</u>

Marckenson's disingenuous argument that Defendants' gross revenues for 2010 totaled more than $500,000 should be rejected.  *See* Opposition, p.5.  Marckenson identifies a number on the page as food sales, but conveniently ignores the "cancellations" and "coupons/discounts" immediately adjacent to this number.  Adding the taxable sales to the delivery charges, the Defendants' 2010 gross sales were $436,389.00.  Marckenson's Opposition fails to rebut or challenge Defendants' 2010 IRS Forms 1065 or the Declaration of Pinar Peker which affirm the same.  Marckenson cannot create an issue of fact by misdirecting the Court to irrelevant figures.

Furthermore, Marckenson's affidavits fail to allege facts that would indicate Defendants' gross revenues exceed the threshold.  In his first affidavit, Marckenson claims that he "closed the register at the end of the workweek" and that the "revenues averaged above $8,000.00 per week and on occasions exceeded $11,000.00."  In his second affidavit, Marckenson alleges he "closed the register on a daily basis or every other day" and that "[t]here were also other employees who could close the register."  First, Marckenson admits that he did not close the register every week or that he was the only one who could close the register, and could therefore not have personal knowledge as to the exact gross revenue figure.  Moreover, even assuming that Marckenson personally witnessed and remembers every week's register totals (which he does not aver and is not plausible on its face), his $8,000 per week average would not total $500,000 in a year (even allowing for $11,000 "on occasions").

Marckenson's argument – despite tax records showing gross revenues under $500,000, he has personal knowledge that he believes revenues exceeded this amount – was explicitly rejected

by the Southern District in *Lopez v. Top Chef Investment, Inc.*, 2007 WL 4247646, at *3 (S.D. Fla. Nov. 30, 2007) (granting employer's motion for summary judgment).

> Plaintiff asserts that Defendants' have understated their income on their tax return and in the financial statements. Plaintiff submits his own affidavit stating, "I have personal knowledge as to earnings of $1,500.00 a day [$547,500 a year] including cash receipts." However, Plaintiff's statement is conclusory and gives no indication of how he, working only as a cook in the kitchen, has personal knowledge of the Defendants' earnings. It seems unreasonable to credit Plaintiff's conclusory assertion that Defendants' understated their income by over $440,000 on their federal tax return. *See* [Thompson v. Robinson, Inc., No. 06-CV-771, 2007 WL 2714091, at *2, n.2 (M.D. Fla. Sept. 17, 2007)] (rejecting similar argument and granting summary judgment).

*Id.*; *see also Thongsodchareondee v. King Kone Food, Inc.*, Case No. 10-cv-23763-JLK (S.D. Fla. Jul. 21, 2011) (granting restaurant's motion for summary judgment where financial statement and declaration established company never exceeded $500,000 in annual revenue, despite cook's conclusory contention with financial statements); *Hernandez v. Nanju Corp.*, Case No. 07-22786-civ-Moreno (S.D. Fla. Apr. 30, 2008) (granting restaurant's summary judgment where tax returns showed less than $500,000 in gross sales; holding that short order cook lacked personal knowledge of actual revenue, despite knowing average amount of food prepared, where cook's affidavit only included his own speculative beliefs in attempting to contradict the defendants' affidavit and tax returns).

Marckenson's contention that "the Montera Point of Sale system recorded all sales for the Pizza Shop is a conclusory statement" is flawed.  He is either the employee who operated the register and miraculously remembers all sales over a two year period, therefore knowing whether the Montera system includes all sales, or he lacks personal knowledge of gross revenues.[1] However, Marckenson makes no claim that any employee did not accurately record sales when

---

[1] Although the Opposition on page 8 states that Marckenson compiled weekly sales reports every week, neither affidavit contains any such attestation.

operating the register.  The sales records are not conclusory, but instead specific facts which Defendants attest, and Marckenson does not refute, reflect accurate revenues for the Pizza Shop. Therefore, the sales records (along with the Pizza Shop's tax records and the declaration of Pinar Peker) provided by Defendants constitute evidence of gross revenue, and indisputably show gross revenues below $500,000 per year.

Also, the Pizza Shop's use of an internet webpage for its business does not automatically establish interstate commerce. *See Dent*, 606 F. Supp. 2d at 1361 ("to be considered "engaged in commerce" a business must use [the internet] ***specifically to transact business in interstate commerce;***" citing *Pierre C. Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F.Supp.2d 1312 (S.D. Fla. 2008).  As admitted by Marckenson, the Pizza Shop is a local business which "delivers to an area within 5 miles from its location."  *See* Opposition, Ex. A, ¶2.  Therefore, its webpage is not used to transact business in interstate commerce.

This Court has the ability to dismiss the instant lawsuit, as Marckenson cannot make a colorable claim for relief.  Marckenson's reliance on *Rodriguez v. Diego's Rest., Inc.*, 619 F.Supp.2d 1345 (S.D. Fla. 2009) is misplaced.  In that case, the parties originally stipulated to jurisdiction and the court denied the 12(b)(1) motion while noting a 12(b)(6) motion could not be asserted at the late stage in the litigation.  Furthermore, both *Turcios v. Delicias Hispanas Corp.*, 272 Fed.Appx. 879 (11th Cir. 2008) and *Rodriguez* dealt with a 12(b)(1) motion to dismiss and were decided before *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (only a complaint that states a plausible claim for relief survives a motion to dismiss; determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense).  *See Vierra v. Sage Dining Services, Inc.*, Case No. 8:10-cv-02267-T-33EAJ (M.D. Fla. Nov. 23, 2010) (*citing Rodriguez*, granting 12(b)(6)

motion to dismiss because allegations insufficient where affiant failed to allege gross annual volume of at least $500,000).

Because Marckenson's claim of enterprise coverage is not plausible, his lawsuit must fail. Alternatively, analyzing the instant claim under the standard in *Turcios* leads to the same result. Whether attempting to allege a colorable claim that is plausible on its face under the motion to dismiss standard, or attempting to provide more than a mere scintilla of evidence under the summary judgment standard,[2] Marckenson fails to rebut Defendants' showing that enterprise coverage does not apply.

2.    No Individual Coverage

Marckenson attempts to argue that because he transacted business with customers who were staying at nearby hotels, he therefore directly participated in the actual movement of persons or things in interstate commerce.  This argument, however, cannot succeed.  While Marckenson's Opposition states that he "transacted business with non-Florida and international customers," (p. 9), neither affidavit makes any mention of "international" customers or how he could be personally aware of where those customers have originated.

More importantly, Marckenson only alleges that the pizzas were delivered to "tourists" residing in nearby hotels, not across state lines.  Defendants are not required to show that each and every customer in their local pizza shop is a resident of Florida.  *See Dent v. Giamo,* 606 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009) (granting summary judgment to employer even though 70% of employer's patients were not residents of Florida, noting "goods are no longer in the

---

[2] *See Johnston v. Henderson*, 144 F.Supp.2d 1341 (S.D. Fla. 2001) ("Thus, the mere existence of a scintilla of evidence in support of the non-movant's position is insufficient.  There must be evidence on which the jury could reasonably find for the non-movant…Plaintiff must 'present concrete evidence in the form of specific facts…mere conclusory allegations and assertions will not suffice.'") (quotations and citations omitted).

stream of commerce once obtained by the ultimate consumer thereof" and evidence showed that employer's contact with those patients was primarily local).   As argued extensively in Defendants' Motion, Marckenson has failed to meet his burden of demonstrating individual coverage because his use of materials in preparing food that may have at some point traveled in interstate commerce is insufficient.  *See Thongsodchareondee v. King Kone Food, Inc.*, Case No. 10-cv-23763-JLK (S.D. Fla. Jul. 21, 2011); *Monelus v. Tocodrian, Inc.*, 598 F.Supp.2d 1312 (S.D. Fla. 2008).[3]

3.   <u>Conclusion</u>

Ultimately, Marckenson has had ample opportunity to review Defendants' showing of the lack of FLSA coverage.  Defendants willingly provided documentation to Marckenson <u>pre-suit</u>. Marckenson ignored this pre-suit explanation, and later amended his complaint when informed Defendants planned to file the instant Motion to Dismiss.  In response to Defendants' Motion, Marckenson provided an additional affidavit, which again fails to rebut Defendants' demonstration that the FLSA does not apply to the Pizza Shop.  Marckenson has not made a plausible claim, and Defendants have demonstrated there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law.

Based on the foregoing, Marckenson cannot demonstrate that the FLSA covers the instant case through either enterprise or individual coverage.  Therefore, Defendants respectfully request this Honorable Court enter an order granting judgment in favor of the Defendants, dismiss Marckenson's Complaint in its entirety and with prejudice, and award Defendants their fees and costs incurred in defense of this matter.

---

[3] Defendants cannot respond to Marckenson's quotation on page 7 of his Opposition, as no citation is provided and the context of the statement is unclear.

Date:  September 22, 2011                    Respectfully submitted,

FISHER & PHILLIPS                           By:    s/Charles S. Caulkins
450 East Las Olas Blvd.                             Charles S. Caulkins
Suite 800                                          (Fla. Bar No. 0461946)
Fort Lauderdale, Florida  33301                    ccaulkins@laborlawyers.com
Telephone:    (954) 525-4800                       David M. Gobeo
Facsimile:    (954) 525-8739                       (Fla. Bar No. 0016565)
                                                   dgobeo@laborlawyers.com

                                                   *Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I   HEREBY   CERTIFY   that   on   September   22,   2011,   I   electronically   filed
**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
AND INCORPORATED MEMORANDUM OF LAW** with the Clerk of the Court by using
the CM/ECF system on all counsel or parties of record listed on the attached service list.

                                    s/Charles S. Caulkins

**<u>SERVICE LIST</u>**
**CASE NO.:  1:11-cv-22617-KMM**

Julisse Jimenez, Esquire
FLORIDA LAW PARTNERS
601 Brickell Key Dr.
Suite 702
Miami, FL 33131
Telephone: (305) 371-8064
Facsimile: (305) 371-4967

*Attorney for Plaintiff*

Charles S. Caulkins, Esquire
ccaulkins@laborlawyers.com
David M. Gobeo, Esquire
dgobeo@laborlawyers.com
FISHER & PHILLIPS LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile:  (954) 525-8739

*Attorneys for Defendants*

8